IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORBERTO ARREDONDO,<br><br>　　　　　Petitioner,<br><br>　　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | No. CV-F-06-056 REC<br>(No. CR-F-97-CR-5167 OWW)<br><br>ORDER DISMISSING SECOND<br>MOTION TO VACATE, SET ASIDE<br>OR CORRECT SENTENCE PURSUANT<br>TO 28 U.S.C. § 2255 AND<br>DIRECTING ENTRY OF JUDGMENT<br>FOR RESPONDENT |

　　On January 17, 2006, petitioner Norberto Arredondo filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  Petitioner contends that he is entitled to relief because the court imposed sentencing enhancements in violation of United States v. Booker, 543 U.S. 220 (2005).[1]

　　The court hereby dismisses petitioner's motion.

　　On July 2, 2001, petitioner filed a Section 2255 motion

---

[1] Although the underlying criminal action has been transferred to the docket of Judge Oliver W. Wanger, petitioner's Section 2255 motion was assigned to this court because this court sentenced petitioner.

1

based on <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). <u>See</u> <u>Arrendono v. United States</u>, No. CV-F-01-5851 REC. By Order filed on July 5, 2001, the court denied this Section 2255 motion. Therefore, the instant motion is a second or successive Section 2255 motion. Petitioner must first apply to the Ninth Circuit Court of Appeal for leave to file such a motion. In the absence of authorization from the Ninth Circuit, this court does not have jurisdiction to hear it. <u>See</u> <u>United States v. Allen</u>, 157 F.3d 661, 664 (9th Cir. 1998).

Petitioner, citing <u>McClesky v. Zant</u>, 499 U.S. 467 (1991), argues that the instant motion should not be construed by this court as a "second or successive" motion because his challenge to his sentence under <u>Booker</u> is a new issue that did not exist and could not have been raised at the time he filed his initial Section 2255 motion. However, even if the court assumes petitioner's position is correct, petitioner would not be entitled to relief. <u>Booker</u> is not retroactive to cases on collateral review. <u>United States v. Cruz</u>, 423 F.3d 1119 (9th Cir. 2005).[2]

ACCORDINGLY:

1. Petitioner Norberto Arredondo's second motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is

---

[2] Petitioner argues that the court should hold the instant motion in abeyance pending resolution by the Supreme Court of <u>Washington v. Recuenco</u>, No. 05-83. The court denies this request. The issue before the Supreme Court in <u>Recuenco</u> does not address the applicability of <u>Booker</u> to cases on collateral review.

2

dismissed.

    2.   The Clerk of the Court is directed to enter judgment for respondent.

    IT IS SO ORDERED.

**Dated:  January 23, 2006**           /s/ Robert E. Coyle
668554                                 UNITED STATES DISTRICT JUDGE